# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JEREMY BROWN, | ) | |
|           Plaintiff, | ) | Case No: 14 C 175 |
| | ) | |
|       v. | ) | |
| | ) | Judge Jeffrey T. Gilbert |
| COUNTY OF COOK, a Municipal | ) | |
| Corporation, and SHERRIF THOMAS | ) | |
| DART, in his Official Capacity, | ) | |
|           Defendants. | ) | |

## ORDER

Jacqueline Brown's Motion to Quash Deposition Subpoena [ECF 35] is denied. See Statement below.

## STATEMENT

This matter is before the Court on Jacqueline Brown's Motion to Quash Deposition Subpoena [ECF 35]. Ms. Brown is married to Plaintiff Jeremy Brown, and Defendants seek her deposition testimony. In her Motion, Ms. Brown seeks to quash the deposition subpoena by asserting the marital testimonial privilege. [ECF 35 at 3]. Defendants oppose the Motion, arguing that the marital testimonial privilege applies only to federal criminal proceedings and not federal civil proceedings.

This case arises out of actions allegedly taken by Defendants against Plaintiff Jeremy Brown, an employee of the Cook County Sheriff's Department at Cook County Jail, after an alleged incident of domestic violence between Plaintiff and his wife, Movant Jacqueline Brown, in March 2012. Ms. Brown allegedly reported the domestic incident to the Chicago Police Department which reported the incident to the Cook County Sheriff's Department. Defendants want to question Ms. Brown about the alleged incident and what she may have told the police and the Office of Professional Review about it.

A court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3). Federal common law, "as interpreted by United States courts in light of reason and experience," govern claims of privilege. Fed. R. Evid. 501. Federal common law recognizes two distinct forms of marital privilege: (1) the marital testimonial privilege, which may be invoked by a witness to refuse to adversely testify about their spouse, even about non-confidential communications (*Trammel v. United States*, 445 U.S. 40 (1980)); and (2) the confidential marital communications privilege, which may be invoked by either the party-spouse or the witness-spouse to preclude the witness-spouse's testimony about their confidential communications (*Wolfe v. United States*, 291 U.S. 7, 14 (1934)). Ms. Brown asserts the marital testimonial privilege.[1]

The marital testimonial privilege is available to a witness-spouse only in a federal criminal proceeding, not in a civil proceeding. *Stanfield v. Dart*, 2011 WL 5301784, at *1 (N.D. Ill. Nov. 3, 2011); *Ryan v. Commissioner*, 568 F.2d 531, 544 (7th Cir. 1977). In *Ryan*, the Seventh Circuit disallowed the martial testimonial privilege in a civil proceeding, following the Supreme Court's rationale in *Hawkins*, 358 U.S. 77, 79 (1958), stating that the marital testimonial privilege should be allowed in trials "where life or liberty is at stake." *Ryan*, 568 F.2d at 543 (concluding that the marital testimonial privilege would at most be available in civil proceedings only where "a spouse who is neither a victim nor a participant observes evidence of the other spouse's crime."). Since *Ryan*, the Seventh Circuit has never recognized the marital testimonial privilege in any

---

[1] See ECF 35 at 3. Ms. Brown expressly reserves the marital communications privilege in the event it properly can be raised to particular questions that may be put to her at her deposition.

federal civil proceeding. *Abbot v. Kidder, Peabody & Co.*, 1997 WL 337228, at *4 (N.D. Ill. June 16, 1997).

Nevertheless, Ms. Brown asserts the District Court's "reading of history [was] incorrect" when it stated in *Stanfield v. Dart* that the "marital testimonial privilege has historically been available to a witness-spouse only in a federal criminal proceeding." [ECF 43], at 7. Ms. Brown relies on *Stein v. Bowman*, 38 U.S. 209 (1839), to support her assertion that the marital testimonial privilege can be used in federal civil proceedings. However, *Stein* applied only the marital communications privilege, not the marital testimonial privilege Brown seeks to apply here. Indeed, the passage Ms. Brown quotes from *Stein* describes "[c]onfessions, which, if ever made, were made under all the confidence that subsists between husband and wife." [ECF 44], at 3. Ms. Brown's quote describes confidential confessions. Confidential confessions between spouses are protected by the marital communications privilege. Further, the Seventh Circuit relies on *Stein* when explaining the marital communications privilege in *United States v. Westmoreland*, 312 F.3d 302, 307 (7th Cir. 2002).

Ms. Brown cites *Cary v. Soileau*, 125 F.R.D. 432 (W.D. La. 1989), to support her assertion that *Stein* established a right to the marital testimonial privilege in federal civil proceedings. In doing so, Ms. Brown again improperly cites to a case that applied only the marital communications privilege, not the marital testimonial privilege. Ms. Brown asserts that in *Cary*, "the [c]ourt considered an attempt to invoke the adverse spousal testimony privilege in a civil case . . . ." and "[t]he court sustained the privilege . . . ." [ECF 43], at 9. In fact, the court in *Cary* stated outright that the case concerns the communications privilege, not the testimonial privilege: "The first privilege bars a spouse

from testifying aversely to the other. The second privilege bars a spouse from testifying as to interspousal communications of the other . . . . We are primarily concerned here with the second type of marital privilege . . . ." *Cary*, 125 F.R.D. at 434. In over 175 years since *Stein* — which she alleges established a right to the marital testimonial privilege in federal civil proceedings — Ms. Brown is unable to find a case to support her contention that the marital testimonial privilege can be applied in a federal civil proceeding.

Ms. Brown cites to a number of federal criminal proceedings in which the use of the marital testimonial privilege has been invoked and upheld. This use of the marital testimonial privilege in criminal proceedings is well established, and is of no consequence in this civil proceeding.

As for Ms. Brown's sweeping assertions that "requiring movant to dredge up long resolved personal problems will harm 'the important public interest in marital harmony' . . . .," ([ECF 43], at 10) such an argument was rejected in *Ryan*, and we reject it here as well.

Accordingly, Jacqueline Brown's Motion to Quash Deposition Subpoena [ECF 35] is denied. Status hearing set for July 28, 2015, at 10:00 a.m. to confirm that discovery is concluded, including Ms. Brown's deposition, and to see whether settlement is a possibility in this case.

It is so ordered.

Dated:   June 29, 2015

_____
Jeffrey T. Gilbert
United States Magistrate Judge

4